Harper J.
delivered the opinion of the Court.
There is no doubt that if a party takes up goods representing himself to be the agent, and directing them to be charged to his principal, he will be liable personally, if in truth, he was not authorized to take them as agent. The question is, on whom the burden of proof lies. Must the plaintiff, suing such person, prove that he was not an authorized agent; or lies it on the defendant himself by shewing that he was. Of course the nega *164 tive is incapable of proof. I know of no rule of law by which the party selling is bound to make demand of the person represented to be'the principal, to ascertain whether he will avow or disavow the agent. If he should disavow him, this would not be evidence; and if an action should then be brought, he might still ¿iefen(} himself by showing, that he was authorized as agent. The Recorder supposes that by charging the goods to the estate of Stock, the plaintiff admits the defendant’s agency. It docs not seem to me that it can be regarded as any thing more than au admission, that he represented himself to be agent. There can be no danger of an agent’s being unnecessarily harassed in this way, for the plaintiff sues at his own risk, if it shall turn out that the defendant had authority as agent. Indeed it does not appear from any evidence in the cause so far as I can perceive, who was the representative of the estate of Stock, or whether there was such a person or estate, though to be sure, this was taken for granted in the argument. If in such case the principal could not be found, it would open a new field of inquiry as to the degree of diligence, the party must have used in searching for him, before he should be allowed to charge the agent. From the views taken, the decree must be reversed and a new trial granted.
Motion granted.